CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 0 1 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| JASON REDDITT,<br>Petitioner, | Civil Action No. 7:07-cv-00356 |
| v. | MEMORANDUM OPINION |
| TERRY O'BRIEN, WARDEN,<br>Respondent. | By: Hon. James C. Turk<br>Senior United States District Judge |

Petitioner Jason Redditt, Reg. No. 17343-076, a federal inmate at the United States Penitentiary in Lee County, Virginia, brings this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Petitioner claims that his confinement pursuant to his 2001 conviction in the United States District Court for the Western District of Tennessee is unconstitutional. Upon review of the petition, the court concludes that petitioner has failed to demonstrate entitlement to relief under § 2241.

## I.

Redditt states that on June 6, 2001, he was convicted in the United States District Court for the Western District of Tennessee of three counts of carjacking and related firearms charges; the court sentenced him to a total of 864 months imprisonment.

In his current petition, Redditt asserts that he is unlawfully confined under this sentence because he is actually innocent and the district court did not have subject matter jurisdiction to convict and sentence him. He asserts that the indictment did not inform him that a second conviction for violating 18 U.S.C. § 924(c)(1)(C)(i) would carry a consecutive sentence of twenty-five years imprisonment. As authority for his legal arguments, among other things, he relies on <u>United States</u>

v. Booker, 543 U.S. 220 (2005) and Blakely v. Washington, 542 U.S. 296 (2004) and their progeny.

## II.

A district court may not entertain a § 2241 petition attempting to invalidate a sentence or conviction unless a motion pursuant to § 2255 is "inadequate or ineffective to test the legality of [an inmate's] detention." Swain v. Pressley, 430 U.S. 372, 381 (1977). A procedural impediment to § 2255 relief, such as the statute of limitations or the rule against successive petitions, does not render § 2255 review "inadequate" or "ineffective." See In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997). The United States Court of Appeals for the Fourth Circuit has found that § 2255 is inadequate and ineffective to test the legality of an inmate's conviction only when the inmate satisfies a three-part standard by showing that:

> (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of §2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000).

The claims Redditt now raises could have been addressed in a timely filed § 2255 motion to test the legality of his confinement.[1] Moreover, the petition does not indicate any respect in which his case meets the standard under Jones so as to qualify for consideration under § 2241. Petitioner

---

[1] The Booker and Blakely opinions issued after Redditt's conviction became final. However, he has no actionable claim under these cases in any event, because neither of these decisions applies retroactively to cases on collateral review. See United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005). United States v. Johnson, 146 F. App'x 656, 657 n.2 (4th Cir. 2005) (unpublished) (noting that the Supreme Court "did not announce a new rule of constitutional law made retroactive to cases on collateral review with respect to either case").

2

does not point to any recent change of substantive law, and the court is unaware of any precedent under which the offense conduct for which petitioner stands convicted is no longer considered criminal. Accordingly, petitioner fails to meet the Jones standard to show that § 2255 is inadequate or ineffective to test the legality of his conviction, his claims cannot be addressed under § 2241, and this petition must be dismissed.[2]

### III.

In conclusion, the court will dismiss this § 2241 petition because petitioner fails to demonstrate that he is entitled to relief. An appropriate order shall be issued this day. The petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a circuit court of appeals justice or this court issues a certificate of appealability, pursuant to 28 U.S.C. § 2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. § 2253(c)(1). Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, this court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If petitioner intends to appeal and seek a certificate of appealability

---

[2] The court notes that § 2255 motions must be brought in the court that imposed the sentence. See 28 U.S.C. § 2255; see also Swain, 430 U.S. at 378. Therefore, this court does not have jurisdiction to address petitioner's pleading as a § 2255 motion. To file a second such motion in the district court where petitioner was sentenced, petitioner must receive pre-filing authorization from the appropriate court of appeals. See 28 U.S.C. § 2255, ¶ 8. Where petitioner does not demonstrate that the court of appeals has issued him pre-filing authorization to submit a second or successive § 2255 motion, the district court has no jurisdiction to consider the merits of his § 2255 claims.

from the Circuit Court of Appeals for the Fourth Circuit, his first step is to file a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this opinion and the accompanying order to petitioner.

ENTER: This 31st day of July, 2007.

*/s/ James C. Turk*
Senior United States District Judge